STATE, EX REL. MAHLON S. DRAKE, JR., v. STEWART
CAMP.

1. Certificates of inferior courts as to what has transpired in their presence cannot be contradicted by affidavits.
2. If an appellant who has taken an appeal from a justice to the Common Pleas, does not exercise proper diligence to have the transcript duly certified and promptly sent up, and thereby the respondent loses a trial-day, it is within the discretion of the Common Pleas to dismiss the appeal.
3. *Mandamus* will not be awarded to compel a court to do what, in its discretion, it might lawfully refuse to do.

On rule to show cause for *mandamus* to re-instate an appeal.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the rule, *A. M. Hassell.*

*Contra, C. W. Riker.*

The opinion of the court was delivered by

DIXON, J.    This is an application for a *mandamus* directing the Essex Common Pleas to re-instate a justice's appeal. There is some dispute about the facts, mainly as to what transpired before the justice and the Common Pleas; but so far as these matters are shown in the certificates of these courts, the certificates must be regarded by us as conclusive.   *Prall* v. *Waldron,* 1 *Penn.* 145; *Scott* v. *Beatty,* 3 *Zab.* 256; *Pat. & R. R. R. Co.* v. *Ackerman,* 4 *Zab.* 535; *Parsell* v. *Mann,* 1 *Vroom* 530, 549.

The facts appear to be that on August 28th, 1882, judgment was rendered by the justice in favor of the defendant. On or before September 5th, which was the first day of the next term of the Essex Pleas, the plaintiff duly demanded an appeal and filed a bond with the justice, who thereupon

Drake v. Camp.

granted an appeal. On December 4th, which was the day before the first day of the December Term of the Essex Pleas, the plaintiff's attorney received from the justice, and without examining it, filed with the clerk of the Pleas, a transcript of the justice's docket, not certified or signed or sealed by the justice. On the same day, the plaintiff's attorney requested the defendant's attorney to consent that the appeal should not be moved on December 7th, which, under the rules of the Common Pleas, was the day set for the trial of such cases, and thereupon the defendant's attorney informed the plaintiff's attorney that he intended to move for the dismissal of the appeal, but it was finally arranged that the cause should lie over to December 21st, with the understanding that neither party waived any rights. On the last-named day the defendant's attorney moved to dismiss the appeal because of the defect in the transcript and the laches of the plaintiff; and the plaintiff's attorney asked for a rule on the justice to sign and seal his transcript, stating that he had not discovered the defect until within three or four days; the court thereupon dismissed the appeal, and on December 28th, after hearing affidavits from both sides read, denied a motion to re-instate it.

We think the case thus presented is one in which this court cannot interfere by *mandamus*.

The appeal having been duly demanded on or before the first day of the September Term, it was the duty of the justice to send up his transcript, properly certified, on the first day of the term, (*Rev., p.* 554, § 83,) or promptly thereafter. *Dyer* v. *Ludlum*, 1 *Harr.* 531. The mere failure on the part of the justice to perform this duty at the time appointed will not warrant the dismissal of the appeal, because the statute, as to time, is directory merely, (*State* v. *Bergen Common Pleas, Penn.* 737,) but its performance at some time is necessary to put the appellate tribunal in possession of the cause for trial, and consequently the appellant, who is bound to prosecute his appeal, must use due diligence to see that such a certificate is promptly brought in. *Lum* v. *Price*, 1 *Harr.* 195 ; *Howell* v. *Van Ness*, 2 *Vroom* 443. In the present case such diligence

was not exercised.   The appellant's attorney made no attempt to learn whether the justice had done his duty, and when he received the transcript on December 4th, almost three months after the time when it should have been regularly filed, omitted to even open it so as to see whether it was sufficient, and never took a step towards supplying the defect until two weeks after the day when, if he had diligently prosecuted his appeal, his adversary might have had his cause tried and determined.   This was laches in the appellant; and whether the Common Pleas should excuse him, or should dismiss his appeal, in accordance with its rules framed to carry out the purpose of the legislature that such cases should be determined summarily, was a question addressed to the discretion of that court, which we have no right to control by *mandamus*.  *Wells* v. *Stackhouse*, 2 *Harr.* 355; *Sinnickson* v. *Corwine*, 2 *Dutcher* 311.

*Hockenbury* v. *Alpaugh*, 5 *Vroom* 342, differed from the present case in that there no laches appeared; and in *Ferguson* v. *Kays*, 1 *Zab.* 431, no delay resulted from disregarding the rule of the court.

The rule to show cause must be discharged, with costs.